IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**(CHIEF) COL. MICHAEL S. OWL FEATHER-GORBEY,**

    **Plaintiff,**

v.                                                                                          Case No. 5:21-cv-00673

**WILLIAMS, et al.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, (Chief) Col. Michael S. Owl Feather-Gorbey ("Feather-Gorbey"), while incarcerated in Federal Correction Institution Beckley ("FCI Beckley"), filed a *pro se* civil rights complaint against the above-named defendants pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971), (ECF No. 2), as well as an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and is referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned recommends that Feather-Gorbey's application to proceed IFP, (ECF No. 1), be **DENIED;** that his complaint, (ECF No. 2), be **DISMISSED**; and that this case be removed from the docket of the court. The undersigned also recommends that Feather-Gorbey's other pending motions seeking to recuse multiple federal judges, (ECF No. 6), receive an emergency hearing, (ECF No. 7), and for the court to take

1

judicial notice of his arguments, (ECF Nos. 8, 10), be **DENIED**, as moot.

## I. Standard of Review

The undersigned has conducted an initial screening of the complaint as required by 28 U.S.C. §§ 1915, 1915A. Title 28 U.S.C. § 1915 governs proceedings *in forma pauperis* and requires the court to "dismiss the case at any time if the court determines that ... the action ... (1) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e) (2)(B). In addition, § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*." 28 U.S.C. § 1915(g) (emphasis added).

Similarly, Title 28 U.S.C. § 1915A provides as follows:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

**(2)** seeks monetary relief from a defendant who is immune from such relief.

*See* Title 28 U.S.C. §§ 1915A(a), (b). Both sections 1915 and 1915A define the term "prisoner" to mean "any person incarcerated or detained in any facility who is accused

of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §§ 1915(h), 1915A(b)(c).

A "frivolous" case is one that lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory. *Denton* 504 U.S. at, 31-32; *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Allegations in a complaint that are "fanciful" or outlandish may be disregarded, and a complaint that relies on such allegations may be dismissed as factually frivolous. *See Denton*, 504 U.S. 25, 32-33 (1992). ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Moreover, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court of the United States further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the Court is required to accept as true the factual allegations asserted in the complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as … factual allegation[s]." *Id.* at 678 (quoting *Bell Atlantic* Corp, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements, do not suffice." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*.

Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  Relevant Background

On December 27, 2021, Feather-Gorbey initiated the instant action and asked to proceed IFP. (ECF Nos. 1, 2). In his 41-page complaint, Feather-Gorbey names eighty-three individual defendants.[1] (ECF No. 2 at 1–14). Feather-Gorbey alleges that the named defendants "colluded together or in [sequence], abusing powers of office" to violate his rights. (ECF No. 2 at 15). He asserts that the defendants have denied him medical treatment, caused him "significant hardships" and "excessive punishments, denial of access to courts, [and] other legal agencies" by tampering with his legal mail. (*Id.*). Further, he alleges that he has been denied writing materials, "religious access," and access to administrative remedies to "bootstrap enforce retaliations [and] discriminations while repeatedly subjecting [him] to [retaliatory], capricious

---

[1] For clarity, the undersigned notes that while Feather-Gorbey has provided a numbered list of defendants ranging from 1 to 80, Defendants "Connor," Joe Manchin III, and Mark Warner are labeled "Defendant 13 ½," "Defendant 18 ½," and "Defendant 38 ½" respectively. (ECF No. 2 at 5, 8). A review of the complaint reveals no apparent purpose for the inconsistent labeling of these defendants.

4

disciplinary actions [and] adverse custody changes without due process or appeal." (*Id.*).

Specifically, Feather-Gorbey complains that he was denied religious services at FCI Beckley, including "weekly pipe ceremonies[,] a religious common fair diet," and "his yearly November ceremonial meal." (ECF No. 2 at 17). He claims that West Virginia state officials improperly placed a detainer on him "15 times," and that he was twice shot by the police before his current offense of conviction. (*Id.* at 18–19). Feather-Gorbey contends that on August 9, 2021, he was assaulted by several staff members at FCI Beckley while being led away from the recreation yard in handcuffs, causing injury to his neck, arms, hands, elbow, and wrist. (*Id.* at 19–20). He asserts he was denied medical treatment at first, but on August 24, 2021, an FCI Beckley physician ordered "x-rays, treatment [and] medications," which he did not receive. (*Id.* at 20–21). Feather-Gorbey claims that FCI Beckley staff attempted to force him, through the use of threats, to sign a form stating he refused the X-rays and treatment. He alleges that staff forged his signature after he tore up the form. (*Id.* at 21). Because of this forgery, Feather-Gorbey asserts that he filed a lawsuit against the staff, and shortly thereafter, staff destroyed the forged refusal form. (*Id.* at 21–22). According to Feather-Gorbey, several federal judges colluded with government attorneys and prison staff by not trying to assist him or "abate the issues," but instead "summary shut [Feather-Gorbey] out of court" by abusing procedural mechanisms and refusing to return the filing fees in some of his previous civil cases. (*Id.* at 22–23).

Feather-Gorbey maintains that he suffers from glaucoma, which the local ophthalmologist was unqualified to treat, and that FCI Beckley staff refused to provide him with marijuana, "which <u>is</u> the best known effective [and] less side effect medication

5

possible." (*Id.* at 25). He claims that after he refused to allow the local ophthalmologist to "laser" his eyes, "[h]ostile FCI Beckley medical staff treated that as a refusal for all glaucoma treatment" and have not treated his condition since then. (*Id.* at 25–26). He posits that several federal judges are colluding to blind him by preventing him from addressing his glaucoma issues in court. (*Id.* at 26–27).

Feather-Gorbey further claims that FCI Beckley staff have denied him indigent postage 25 times since March 2021 and asserts that the IRS has been embezzling money from inmates. (*Id.* at 29–30). He argues that his imprisonment is illegal and unconstitutional because D.C. Superior Court judges "have been deliberately slapping down every petition for relief" that he files, including those that contain new evidence establishing his actual innocence. (*Id.* at 31). He claims that counsel for the Federal Bureau of Prisons ("BOP") "is abusing the fact that the courts are keeping [Feather-Gorbey] indigent" by denying his claims under the Federal Tort Claims Act. (*Id.* at 32). Feather-Gorbey contends that he is currently on trial for escape from FCI Beckley, and that FCI Beckley staff improperly instituted disciplinary proceedings against him about the alleged escape "before he even went to trial." (*Id.* at 32–33). He alleges that the disciplinary proceedings did not comport with due process, and the Disciplinary Hearing Officer ("DHO") did not issue a decision in a timely manner. (*Id.* at 33). He takes issue with the findings of federal judges in his other civil actions, arguing that they found he did not challenge his loss of good conduct credits, although he insists that he did challenge the loss. (*Id.*). Feather-Gorbey states that the disciplinary charges formed the basis for a recommendation that he be sent to a higher security facility with dangerous offenders. (*Id.* at 34–35).

Feather-Gorbey claims that courts are "trying to quash prisoners rights in

*Bivens* and the F.T.C.A." by preventing prisoners from receiving money damages from certain officials. (*Id.* at 35–36). He also maintains that, as a Native American, his citizenship rights, including the right to sue and receive money damages, cannot be revoked. (*Id.* at 36–37). As for relief, he requests money damages and injunctive relief. (*Id.* at 39).

### III. Discussion

"[A] *Bivens* action is a judicially created remedy which is designed to vindicate violations of constitutional rights by federal actors." *Barker v. Keeley*, No. 3:20-CV-00202, 2021 WL 4465936, at *2 (N.D.W. Va. Sept. 29, 2021). The plaintiff in a *Bivens* case "must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Heap v. Carter*, 112 F. Supp. 3d 402, 433 (E.D. Va. 2015) (citing *Iqbal,* 556 U.S. at 676; *Trulock v. Freeh,* 275 F.3d 391, 402 (4th Cir. 2001)). Because a *Bivens* claim is directed to a government official in his personal capacity, an award of money damages is the only relief available under *Bivens*. *See Higazy v. Templeton,* 505 F.3d 161, 169 (2d Cir. 2007); *also Hall v. Clinton,* 235 F.3d 202, 204 (4th Cir.2000) ("A *Bivens* action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors.").

#### A.   Injunctive Relief

While he requests monetary relief in his complaint, Feather-Gorbey also seeks an "injunction for emergency medical treatment"; "injunction for return of seized EIP funds"; "injunction to be provided religious services"; "injunction to receive all 125 indigent stamps since March 2021"; "injunction to stop retaliations"; "injunction to afford one regular proper-timely [and] meaningful FBOP remed [sic] complaints upon

request access [and] reliefs." (ECF No. 2 at 39). He also seeks "restoration of [his] 236 days good time [and] loss of phone, [e-mail], [and] commissary." (*Id.*). In later filings, he requests an "injunction or restraining order to bar or prevent" his transfer to a higher security facility or "from being house[d] with any high maximum security or violent [federal] offenders." (ECF No. 7 at 4). As stated, injunctive relief is not available in a *Bivens* case. Therefore, the undersigned **FINDS** that Feather-Gorbey's claims seeking such relief must be summarily dismissed.

In any event, since filing the instant complaint, Feather-Gorbey has been transferred from FCI Beckley to the United States Penitentiary in Thomson, Illinois ("USP Thomson"). *See* BOP Inmate Locator Tool. Accordingly, the undersigned further **FINDS** that Feather-Gorbey's claims for injunctive relief are moot. *Rendelman v. Rouse,* 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.); *Ajaj v. Smith,* 108 Fed. Appx. 743, 744 (4th Cir. 2004). Notwithstanding his transfer, Feather-Gorbey's claims for money damages are not rendered moot and will be considered below using the relevant standard. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that transfer rendered moot a prisoner's claims for injunctive and declaratory relief but not claims for money damages).

With respect to Feather-Gorbey's request that his good conduct credits be restored, such a claim is not cognizable in this complaint. "[A] writ of habeas corpus is the sole federal remedy for the deprivation of good conduct credits that would shorten a state prisoner's sentence." *Cason v. Maryland Div. of Corr.*, No. 21-6290, 2022 WL 1074521, at *2 (4th Cir. Apr. 11, 2022) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487–

8

488, 500 (1973)). However, a ruling on that matter is not necessary because, as discussed below, Feather-Gorbey has not satisfied the procedural requirements to proceed IFP and therefore cannot maintain this action.

### B.  Imminent Danger

To say Feather-Gorbey is no stranger to federal courts would be an extreme understatement. Over the past decade, Feather-Gorbey has filed hundreds of lawsuits in state and federal courts challenging, *inter alia*, his conviction, sentence, and conditions of confinement at various institutions. *See, e.g.*, *Feather-Gorbey v. U.S. Att'y Gen.*, No. 5:21-CV-00593, 2022 WL 671010 (S.D.W. Va. Mar. 7, 2022); *Feather-Gorbey v. Vest*, No. 5:21-CV-00354, 2022 WL 610290 (S.D.W. Va. Mar. 1, 2022); *Feather-Gorbey v. Warden, Beckley FCI*, No. 5:21-CV-00583, 2022 WL 445913, (S.D.W. Va. Feb. 14, 2022); *Feather-Gorbey v. Crickard*, No. CV 0:20-1116-JFA-PJG, 2021 WL 4444956, at *1 (D.S.C. Sept. 9, 2021), *report and recommendation adopted sub nom. Owl Feather-Gorbey v. Crickard*, No. 0:20-CV-1116-JFA-PJG, 2021 WL 4444839 (D.S.C. Sept. 28, 2021); *Feather-Gorbey v. Adm'r, F. BOP Designation Ctr., Grand Prairie Texas*, No. 3:22-CV-566-L-BH, 2022 WL 993929 (N.D. Tex. Mar. 11, 2022), *report and recommendation adopted*, No. 3:22-CV-566-L-BH, 2022 WL 992598 (N.D. Tex. Mar. 31, 2022). *See also Feather-Gorbey v. Warden*, FCI Beckley, No. 5:21-CV-00367, 2022 WL 351674, at *4 (S.D.W. Va. Feb. 4, 2022) (collecting cases and noting that Feather-Gorbey "is a serial filer, instituting innumerable actions in multiple federal courts nationwide"). Many of these suits were dismissed for being "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). However, Feather-Gorbey has not been deterred, and numerous courts have pointed out that he has accumulated dozens of dismissals—or strikes—in

the decades in which he has pursued relief in federal courts. *See, e.g.*, *Feather-Gorbey v. Vest*, No. 5:21-CV-00354, 2021 WL 2932738, at *2 (S.D.W. Va. July 12, 2021) ("There is no doubt that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a claim.") (collecting cases); *Gorbey v. The Federal Bureau of Alcohol, et al.*, Civil Action No. 5:11-cv-126 (N.D.W. Va. March 14, 2012) (finding that eleven of Feather-Gorbey's cases had been dismissed as frivolous or for failing to state a claim).

The undersigned **FINDS** that Feather-Gorbey is prohibited from filing any suits IFP unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The exception applies only "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). It allows "a very narrow class of prisoner claims to bypass the 'three strikes' rule." *Meyers v. Commissioner of Social Security Administration*, 801 Fed. Appx. 90, 95 (4th Cir. January 28, 2020). Naturally, the danger cited in the IFP application must be imminent or about to take place; "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers* at 96; *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("The exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."); *Cochran v. Smith-Foote*, Civil Action No. JKB-22-679, 2022 U.S. Dist. LEXIS 65265, at *2–3 (D. Md. Apr. 7, 2022) (denying a three-strikes prisoner's IFP application based on concerns about an unsafe wheelchair when issues with the wheelchair have caused him to fall and injure himself repeatedly for over a year). Moreover, the imminent danger must be related to

the underlying complaint. *Id*. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

In his initial IFP application, Feather-Gorbey does not indicate that he is in imminent danger of a serious physical harm. (ECF No. 1). However, he addresses the issue in his complaint and in several other documents. Even broadly construing his claim, none of Feather-Gorbey's self-serving conclusory allegations indicate that he was in imminent danger of serious physical harm at the time he filed the complaint and IFP petition, or at present. For clarity, the undersigned will address each of the reasons Feather-Gorbey advances to support his claim that he was in imminent danger at the time he filed this action.

### 1. *Document forgery*

In the complaint, Feather-Gorbey claims that two staff members at FCI Beckley signed a document indicating that Feather-Gorbey refused X-rays and treatment that would have proved that staff assaulted him, which he asserts is "a question of imminent danger." (ECF No. 2 at 22). Assuming *arguendo* that staff at FCI Beckley forged documents with Feather-Gorbey's signature, such a fact simply implies that FCI Beckley staff are mendacious, not that Feather-Gorbey is in imminent danger of serious physical injury. It is unclear what physical harms are imminent based on this supposed falsification of documents. Feather-Gorbey recently raised an identical claim in this Court in another civil action, and the Court found that Feather-Gorbey's allegations

11

about the forged consent form did not provide a basis to conclude he was in imminent danger of serious physical harm. *Feather-Gorbey v. U.S. Att'y Gen.*, No. 5:21-CV-00593, 2022 WL 671010, at *2 (S.D.W. Va. Mar. 7, 2022) ("All that exists regarding more serious injuries are his statements that he might have bone fractures and his refusal to consent to x-rays for diagnostic purposes on two separate occasions. He provides no evidence that these consent refusal forms were forged or fabricated other than his assertion of the same.... Thus, Mr. Feather-Gorbey has not demonstrated his physical injuries constitute imminent danger."). Likewise, in this case, Feather-Gorbey provides no support for his proposition that FCI Beckley staff forged a consent form on his behalf nor any facts that show such a forgery threatened his imminent physical safety. Thus, the undersigned **FINDS** that Feather-Gorbey does not qualify to proceed under the imminent danger exception on this basis.

### 2. *Neck pain and potential paralysis*

Feather-Gorbey also claims that he suffers from "untreated serious pain in his neck from a fracture or broken vertebra [and] pinched or damaged nerve" that he claims could paralyze him "any day" and that he was prescribed medicine for nerve damage, which alone should show he qualifies for leave under § 1915(g). (ECF No. 2 at 24). His entirely unsupported assertion that he may, at some unknown point in the further, be affected by paralysis based on his neck pain and the fact he is prescribed medication is patently speculative and thus "insufficient to invoke the exception of § 1915(g)." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006). No medical evidence aside from Feather-Gorbey's apparent self-diagnosis serves the conclusion that his alleged neck injury is serious or could render him paralyzed; accordingly, the undersigned **FINDS** that he is not entitled to proceed under the § 1915(g) exception

on this basis.

### *3. Glaucoma treatment*

Feather-Gorbey insists that Defendant Sadat, an ophthalmologist in Beckley, is unqualified to treat Feather-Gorbey's glaucoma, thus placing him in imminent danger. (ECF No. 2 at 25). He claims that FCI Beckley refuses to treat his glaucoma with marijuana, providing only "drops and pill meds that cause a list of (serious) side effects," and that staff have conflated his refusal to allow Defendant Sadat to "laser" his eyes with a refusal for all glaucoma treatment, putting him in imminent danger of being blinded. (*Id.* at 25–26). This too is insufficient to show that Feather-Gorbey is in imminent danger. Feather-Gorbey admittedly refused "laser" treatment by Defendant Sadat and was not compelled to receive it; there is no whiff even in Feather-Gorbey's recollection of events that he will be forced to submit to an unsafe or unnecessary medical procedure. *See Gorbey v. Mubarek*, No. CV RDB-19-220, 2019 WL 5593284, at *5 (D. Md. Oct. 30, 2019) (finding Gorbey's allegation concerning inadequate medical care for his glaucoma does not create an imminent danger to his safety). Therefore, the undersigned **FINDS** Feather-Gorbey cannot proceed IFP under the § 1915(g) exception on the basis that Defendant Sadat is not qualified to render treatment for his glaucoma.

Similarly, Feather-Gorbey cannot demonstrate he is in imminent danger based on FCI Beckley's refusal to provide him with marijuana, an issue he has already raised before this Court. *See Feather-Gorbey v. Morris*, No. 5:21-CV-00395, 2021 WL 3131320, at *3 (S.D.W. Va. July 23, 2021) (finding that Feather-Gorbey does not satisfy imminent danger requirement with allegations that he was denied marijuana to treat his glaucoma); *Feather-Gorbey v. Brown*, No. 5:21-CV-00091, 2021 WL 5052814, at

13

*3 (S.D.W. Va. Nov. 1, 2021) (rejecting IFP application when Feather-Gorbey rejects prescribed medical treatment and instead wants to be prescribed marijuana) ("Mr. Feather-Gorbey has not been denied medical treatment for his glaucoma; he simply refuses to accept the prescribed treatment. This is not an imminent danger of serious physical injury."). "Numerous courts have concluded that where a three-striker inmate's allegations reflect that he has had access to medical care and simply disagrees with the opinions of the medical personnel who have examined him, he fails to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g)." *Renoir v. Fleming*, No. 7:15CV00026, 2015 WL 1800441, at *3 (W.D. Va. Apr. 16, 2015). Feather-Gorbey's dissatisfaction with the medicinal regimen prescribed by FCI Beckley does not indicate that he is in imminent danger as required by § 1915(g). The undersigned **FINDS** that Feather-Gorbey is not entitled to proceed IFP on this basis.

### 4. *Judicial and government actor collusion*

Feather-Gorbey argues that the attempt by federal judges to prevent him from raising "the glaucoma issues" in a lawsuit indicates that they are colluding with prison staff to cause him "serious physical injuries or death," thus allowing him to proceed under § 1915(g). (ECF No. 2 at 26–27). He claims that federal judges' refusal to return his filing fees from past cases is itself an imminent danger, and that Defendant Mellady is "colluding with the courts" by "denying" his tort claims, also putting him in imminent danger. (*Id.* at 28, 30, 32). Feather-Gorbey asserts that adverse disciplinary proceedings making him subject to transfer to a "maximum custody facility" also put him in imminent danger, and that "pattern of misconducts" in the disciplinary hearing shows a likelihood that he will suffer serious injury or death. (*Id.* at 33–35). He claims that he qualifies to proceed IFP or to have funds put forth in a different civil action

14

returned to him. (*Id*. at 38).

This reasoning, likewise, does not satisfy § 1915(g). Feather-Gorbey is confusing the concept of being in imminent danger with the ability to obtain a remedy in a lawsuit. Preventing an individual from filing a civil action unless statutory procedural requirements are met is not equivalent to placing the individual in danger. *See Feather-Gorbey v. King, et al*., 2021 WL 1792096, * 2 (M.D. Pa. May 5, 2021) (holding that government actors' alleged denial of access to the courts failed to meet the imminent danger standard); *Gorbey v. Geisinger Eye Center, et al*., 2021 WL 1792086, * 2–3 (M.D. Pa. May 5, 2021) (same). The claim is also entirely baseless; Feather-Gorbey does not provide any evidence of improper collusion on the part of any adjudicator aside from his statement insisting that it is happening. *See Neitzke v. Williams*, 490 U.S. 319 (1989) (noting that Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). The mere fact that the named defendant judges, along with countless others throughout the years, have denied Feather-Gorbey's many meritless claims does not provide evidence of collusion or unfair bias. *See Owlfeather-Gorbey v. United States*, No. 1:20-CV-02401 (UNA), 2020 WL 6144568, at *1 (D.D.C. Sept. 29, 2020) (finding that supposed bias of judiciary members does not constitute imminent danger sufficient to satisfy § 1915(g)); *Feather-Gorbey v. Warden*, FCI Beckley, No. 5:21-CV-00367, 2022 WL 351674, at *7 (S.D.W. Va. Feb. 4, 2022) (enjoining Feather-Gorbey from filing new civil actions in this Court alleging deprivation of his rights based on the "alleged bias, prejudice, or collusion of governmental actors unless he first obtains leave of Court" after filing numerous

repetitive claims). Furthermore, Feather-Gorbey's allegation that Defendant Mellady colluded with the courts to deny his tort claims does not support a finding that Feather-Gorbey is in imminent danger. As to his contention that "patterns of misconducts" in his disciplinary hearings subject him to imminent danger, there is no further argument or evidence that shows that some physical harm is imminent based on any procedural inadequacy in his hearings. As other courts have determined, such an allegation does not qualify Feather-Gorbey for relief under § 1915(g). *See, e.g., Gorbey v. Geisinger Eye Center, et al.*, 2021 WL 1792086, * 2–3 (M.D. Pa. May 5, 2021) (finding that denial of access to the administrative remedy program failed to meet the imminent danger standard). The undersigned **FINDS** that Feather-Gorbey is not entitled to proceed IFP on this basis.

### 5. *Threats of assault*

On January 5, 2022, Feather-Gorbey filed so-called "supplemental arguments to support 1915(g) leave under imminent danger [and] motion for 'emergency hearing' injunctions or restraining order." (ECF No. 7). He alleges that on a day in October 2021, he was threatened with physical assault by Defendant Manning, who told Feather-Gorbey that he was "making [arrangements]" to have Feather-Gorbey "[dealt] with" at "the next institution." (*Id.* at 1). He claims that on December 14, 2021, after a disciplinary hearing, he was referred to a higher security facility. (*Id.* at 2–3). He asserts that he was again threatened with assault by Defendants Manning and Sweeney when they delivered legal mail on December 23, 2021. (*Id.* at 2). He maintains that these are not mere "idle threats" because he was already assaulted. (*Id.* at 2–3). He reiterates his belief that staff are "colluding (to) transfer [Feather-Gorbey] to one of the most violent F.BOP facilities in the system." (*Id.* at 3). He denies any violence on his

16

part and expresses suspicion about the accuracy of his disciplinary charges. (*Id.* at 3–4).

On January 18, 2022, Feather-Gorbey filed another document entitled "Motion for Court to Take Judicial Notice Regarding 'New Evidence' to Support Imminent Danger [and] Leave to Proceed IFP 1915(g)." (ECF No. 8). In this document, he reiterates his claim that he was assaulted by staff at FCI Beckley and threatened with future assaults and that staff fabricated the report that resulted in his designation to a high security facility. (*Id.* at 1–3). He further provides that on January 12, 2022, Defendants Connor and Manning told Feather-Gorbey that they had arranged staff at his new facility to have him "fucked up." (*Id.* at 3).

These claims do not support a finding that Feather-Gorbey is in imminent danger of serious physical harm. While he reasons that the alleged threats against him are not "idle" based on his purported assault on August 9, 2021, which cause he non-life-threatening injuries, his allegations do not show an ongoing pattern or likelihood that he would be subjected to further assaults. Feather-Gorbey's recollection of vague allusions by staff members to possible violence against him do not constitute a "genuine emergenc[y]" for which he may obtain relief under § 1915(g). *See Miller v. Blickenstaff*, No. 2:20-CV-00127, 2022 WL 1124226, at *2 (S.D.W. Va. Feb. 28, 2022) (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), *report and recommendation adopted*, No. 2:20-CV-00127, 2022 WL 1123803 (S.D.W. Va. Apr. 14, 2022). The injuries and threats described here simply do not rise to the degree contemplated in § 1915(g). *See Feather-Gorbey v. Vest*, No. 5:21-CV-00354, 2021 WL 2932738, at *1 (S.D.W. Va. July 12, 2021) (denying Feather-Gorbey leave to proceed IFP based in part on alleged threats of physical assault and intimidation at FCI

Beckley), *reconsideration denied*, No. 5:21-CV-00354, 2022 WL 610290 (S.D.W. Va. Mar. 1, 2022); *Enow v. Green*, No. CV PWG-16-3917, 2017 WL 78646, at *3 (D. Md. Jan. 6, 2017) (description of assault, ongoing threats, and reclassification to higher security "does not suggest that [the plaintiff] presently faces immediate danger of serious physical harm); *Renoir v. Fleming*, No. 7:15CV00026, 2015 WL 1800441, at *4 (W.D. Va. Apr. 16, 2015) (holding plaintiff alleging severe assault and ongoing threat of such assaults did not satisfy § 1915(g) exception). The undersigned **FINDS** that Feather-Gorbey cannot proceed IFP on the basis that he was in imminent danger at the time he filed his complaint on this basis.

### 6. *Getting "mouthy" and general violence*

On February 4, 2022, Feather-Gorbey filed another document allegedly containing more new evidence. (ECF No. 10). He attaches a copy of a "fraudulent medical refusal form" and restates his contention that prison staff signed a form falsely providing he refused medical treatment. (*Id.* at 1). He repeats his assertions that he may become paralyzed, noting his injuries allegedly suffered during an assault by prison staff. (*Id.* at 1–2). Feather-Gorbey claims that "its just the fact that every department at FCI Beckley is violent," noting an incident when Defendant Weaver "got mouthy" with him and slammed the doors of the chapel in Feather-Gorbey's face, which "shows how willingly these Beckley staff will lie [and] falsify records to cover up their negligent acts [and] to violate prisoner rights." (*Id.* at 3–4). In accord with the analysis above, Feather-Gorbey's general sense that FCI Beckley is violent and a specific instance of rudeness on the part of a staff member does not support a finding that he is in imminent danger. The undersigned **FINDS** that Feather-Gorbey cannot proceed IFP based on these allegations.

In sum, the undersigned reaches the same conclusion as that of the legion adjudicators confronted with Feather-Gorbey's vexatious and repetitive claims over the years and **FINDS** that he does not satisfy the imminent danger exception of § 1915(g) to proceed IFP in this action. As a result, the undersigned **FINDS** his claims must be dismissed without prejudice. *Nelson v. Waller*, No. 2:21-CV-00433, 2022 WL 1024252, at *2 (S.D.W. Va. Feb. 28, 2022), *report and recommendation adopted*, No. 2:21-CV-00433, 2022 WL 1019550 (S.D.W. Va. Apr. 5, 2022) (dismissing without prejudice); *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.") (emphasis in original); *Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 (S.D.W. Va. June 30, 2008) (Johnston, J.). Furthermore, the undersigned **FINDS** that Feather-Gorbey's outstanding motions seeking to recuse several federal judges, (ECF No. 6), receive an emergency hearing, (ECF No. 7), and for the Court to take judicial notice of his arguments, (ECF Nos. 8, 10), be **DENIED** as moot.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Feather-Gorbey's application to proceed IFP, (ECF No. 1) and his complaint, (ECF No. 2), be **DISMISSED** and **REMOVED** from the docket of the Court. The undersigned also **RECOMMENDS** that Feather-Gorbey's outstanding motions seeking to recuse several federal judges, (ECF No. 6), receive an emergency

19

hearing, (ECF No. 7), and for the Court to take judicial notice of his arguments, (ECF Nos. 8, 10), be **DENIED** as moot.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** May 19, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge